# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 11-4240 AHM (VBKx) | Date | June 7, 2011 |
|---|---|---|---|

| Title | THOMAS R. ANDERSON, J.D. v. CIGNA GROUP NISURANCE, et al. |
|---|---|

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE |
|---|---|

| Stephen Montes | Not Reported | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys **NOT** Present for Plaintiffs:   Attorneys **NOT** Present for Defendants:

**Proceedings:**   IN CHAMBERS (No Proceedings Held)

On May 17, 2011, plaintiff filed this action in federal court seeking declaratory relief on various issues arising from a life insurance policy and seeking damages for an alleged breach of that policy by defendants.

A federal court must determine its own jurisdiction even if there is no objection to it. *Rains v. Criterion Systems, Inc.,* 80 F.3d 339 (9th Cir. 1996). Jurisdiction must be determined from the face of the complaint. *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425 (1987). A federal court has original jurisdiction over a civil matter "where the matter in controversy exceeds the sum or value of $75,000, . . . and is between . . . citizens of different State." 28 U.S.C. § 1332(a). A federal court also has jurisdiction over claims "arising under" federal law. 28 U.S.C. § 1331.

Here, plaintiff claims this Court has jurisdiction under 28 U.S.C. § 1331, but does not appear to allege any federal question. Nor does plaintiff allege diversity jurisdiction under 28 U.S.C. § 1332. To the contrary, plaintiff affirmatively alleges that he and two of the defendants are citizens of California. Thus, plaintiff's assertions fail to establish subject matter jurisdiction in this Court.

/ / /

/ / /

/ / /

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-4240 AHM (VBKx) | Date | June 7, 2011 |
|---|---|---|---|
| Title | THOMAS R. ANDERSON, J.D. v. CIGNA GROUP NISURANCE, et al. | | |

    Accordingly, and good cause appearing therefor, the Court hereby orders plaintiff to SHOW CAUSE on or before June 20, 2011, why this action should not be dismissed for lack of jurisdiction. Failure to respond on or before that date will be construed as consent to dismissal.

    IT IS SO ORDERED.

                                                                                                                            :

Initials of Preparer